**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BEST ODDS CORP.,

           Plaintiff,

vs.

iBUS MEDIA LIMITED, *et al*.,

           Defendants.

2:13–cv–2008–RCJ–VCF

**ORDER**

    This matter involves a service mark infringement action under the Lanham Trademark Act of 1946, 15 U.S.C. § 1114. Before the court is Defendant iBus Media Limited's *ex parte* motion for leave to file a redacted certificate of interested parties (#15[1]). In response, Plaintiff Best Odds filed a motion for sanctions (#24). On March 12, 214, the court held a hearing on the motions. For the reasons stated below, Best Odd's motion is denied and iBus Media's motion is granted.

**BACKGROUND**

    The dispute before the court concerns the propriety of Plaintiff Best Odds' litigation practices and Defendant iBus Media's failure to comply with the federal and local rules. According to iBus Media, Best Odds and its attorney "have a history of filing baseless 'strike' suits alleging copyright violations. (Def.'s Ex Parte Mot. (#15) at 2:6–7). In fact, iBus Media contends that Plaintiff's Counsel had previously created a company "for the sole purpose of filing such lawsuits." (*Id*. at 2:8).

    Here, Best Odds is allegedly doing it again: iBus Media argues that Best Odds' ulterior motive "is to discover the identity of Defendants' parent corporations in order to create additional leverage for a

---

[1] Parenthetical citations refer to the court's docket.

1

hoped-for settlement of its claims." (*Id*. at 4:8–9). To prevent this, iBus Media filed the instant *ex parte* motion for leave to file a redacted certificate of interested parties. iBus Media argues that redacting the disclosure prevents Best Odds from abusing the judicial process. (*Id*. at 4:13). In response, Best Odds filed a motion for sanctions, arguing, *inter alia*, that iBus Media's *ex parte* filing and its request to redact its corporate disclosure abuse the judicial process because it ignores the federal and local rules governing disclosures and *ex parte* motions. (*See* Pl.'s Mot. for Sanctions (#24) at 7:9).

## DISCUSSION

iBus Media's motion to seal is granted. The court begins its analysis of iBus Media's motion by reviewing the relevant law.

### A.  *Relevant Law*

Federal Rule of Civil Procedure 7.1 governs disclosure statements. It provides that corporate parties must disclose "any parent corporation and any publically held corporation owning 10% or more of its stock." FED. R. CIV. P. 7.1(a). Local Rule 7.1–1 adds that the disclosure must include "all persons, associations of persons, firms, partnerships or corporations including parent corporations, which have a direct, pecuniary interest in the outcome of the case." Rule 7.1 should be broadly construed to serve its purpose: full disclosure. *See* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d § 1197 at 78 (3d ed. 2004) (stating that grand-parent corporations should be disclosed).

Although Rule 7.1 disclosures are mandatory, a party may avoid disclosing this information by filing a motion to seal and complying with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). In *Kamakana*, the Ninth Circuit recognized that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id*. at 1178 (citing *Nixon*

*v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). This includes judiciary and any financial interest a federal judge has—or may appear to have—in a corporation that appears in court. *See* FED. R. CIV. P. 7.1(a).

However, *Kamakana* distinguishes between records attached to dispositive motions and records attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1180. This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions. *Id*. With non-dispositive motions, private interests predominate. *Id*. With dispositive motions, public interests prevail. *Id*. Accordingly, to seal information related to dispositive motions, the moving party must overcome the public's right of access to court records by satisfying the "compelling reasons" standard. *Id*. at 1179. This standard may be satisfied by showing that the records attached to a dispositive motion have become a "vehicle for improper purposes," including the gratification of private spite, the promotion of public scandal, the publication of libelous statements, or the disclosure of trade secrets. *Id*. Mere embarrassment, incrimination, or exposure to further litigation, however, are insufficient. *Id*.

By contrast, sealing records attached to non-dispositive motions merely requires satisfying Rule 26(c). *Id*. at 1180 (citing FED. R. CIV. P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Id*. Unlike the compelling reasons standard, the good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses. *See* FED. R. CIV. P. 26(c).

Local Rule 10-5 supplements *Kamakana* by prescribing the procedure for filing documents under seal. Rule 10-5(b) provides:

> [P]apers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

LR 10-5(b).

**B.**     *Analysis*

On March 12, 2014, the court held a hearing on the parties' motions. The hearing focused on one question: how iBus Media would be prejudiced by complying with Rule 7.1 and disclosing its parent corporations. (*See* Mins. Proceedings #29). iBus Media's answer was twofold: it would (1) be forced to disclose information that is private and (2) risk being exposed to further litigation and incurring undue expenses. (*Id.*) During the hearing, the court rejected these arguments because, without more, they do not satisfy *Kamakana's* compelling reasons standard. (*Id.*) This would have been correct, if the motion before the court were dispositive.

However, iBus Media's motion is non-dispositive, and after further reflection[2] the court finds that the prejudice that iBus Media articulated satisfies Rule 26(c)'s good cause standard. *See Kamakana*, 447 F.3d at 1180 ("Rule 26(c) gives the district court much flexibility in balancing and protecting the interest of private parties"); *see also* FED. R. CIV. P. 26(a), Advisory Committee Notes, 1993 Amendments ("The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.").

---

[2] As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

The court's conclusion is predicated on the facts that sealing iBus Media's disclosure will (1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential[3] litigation abuses that will needlessly increase the cost of litigation. *United States v. Columbia Broad. Sys., Inc*., 666 F.2d 364, 368–69 (9th Cir. 1982) (stating that Rule 26(c) "authorizes courts to make 'any order which justice requires to protect a party or person from . . . undue burden or expense.'"); *see also* FED. R. CIV. P. 1 (instructing courts to administer the rule "to secure the just, speedy, and inexpensive determination of every action and proceeding").

Finally, although iBus Media failed to follow the proper local procedures governing sealed documents, the court notes that this error is now harmless. Had iBus Media complied with Local Rule 10-5, the court's decision would not change. (*See* Mins. Proceedings #29). Nonetheless, the court takes this opportunity to again remind counsel of the importance of complying with this district's local rules. *See Equal Emp't Opportunity Comm'n v. Wells Fargo Bank, N.A.*, No. 3:13–cv–528, 2014 WL 258560, at *2 (D. Nev. Jan. 23, 2014) (Jones, J.) (discussing the importance of complying with local rules). Compliance with the local rules ensures that both parties are held to equal standards, *see id*., and enables the court to resolve disputes in an efficient and inexpensive manner, as required by Rule 1.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the court's March 12, 2014 minute order (#29) is WITHDRAWN.

IT IS FURTHER ORDERED that Defendant iBus Media's motion to file a redacted certificate of interested parties (#15) is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff Best Odd's motion for sanctions (#24) is DENIED.

---

[3] The court makes no finding of fact with regard to Best Odd's actual intent in filing suit. This question is beyond the scope of the current order, which merely request the court to determine whether iBus Media articulated good cause to seal its corporate disclosure statement.

IT IS FURTHER ORDERED that iBus Media will file an *EX PARTE* certificate of interested parties UNDER SEAL by March 28, 2014.

IT IS SO ORDERED.

DATED this 17th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE