**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BEST ODDS CORP., )<br>　　　　Plaintiff, )<br>vs. )<br> )<br> )<br>IBUS MEDIA LIMITED et al., )<br>　　　　Defendants. )<br> ) | 2:13-cv-02008-RCJ-VCF<br><br>**ORDER** |

　　　　This case arises out of alleged trademark infringement. Pending before the Court is a Motion for Indicative Ruling (ECF No. 49). For the reasons given herein, the Court denies the motion.

## I.　　FACTS AND PROCEDURAL HISTORY

　　　　Plaintiff Best Odds Corp. is a Nevada corporation that provides "news and information via a global computer network in the field of gaming." (Compl. ¶ 17, ECF No. 1 in Case No. 2:13-cv-2008). Defendants iBus Media and iBus Media Holdings (collectively, "Defendants") are Isle of Man corporations that provide "news and information via a global computer network in the field of gaming." (*Id*. at ¶ 20). Both Plaintiff and Defendants use the MacPoker® trademark in connection with their respective websites. (*Id*. at ¶¶ 21–22). The mark, however, is registered to Plaintiff. (*Id*. at ¶ 18; USPTO Registration, ECF No. 1-2).

　　　　On October 29, 2013, Plaintiff filed the present case in this Court, claiming trademark infringement under the Lanham Act and "misappropriation of commercial properties" under Nevada common law. The Court granted a motion to dismiss for lack of personal jurisdiction.

Plaintiff appealed but also filed Case No. 2:14-cv-932 in this Court, suing the same two Defendants for the same two claims, but making additional allegations concerning personal jurisdiction. Defendants moved to dismiss the '932 Case for lack of personal jurisdiction and under the doctrine of claim preclusion. The Court dismissed under *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). That is, although Plaintiff could have brought the second, otherwise identical case with new allegations of personal jurisdiction if this first case were no longer pending, *see Kendall v. Overseas Dev. Corp.*, 700 F.2d 536 (9th Cir. 1983), because this case was still pending on appeal, there was no jurisdiction in the district court to reconsider the new allegations of personal jurisdiction in the second case. Defendants moved for attorney's fees under 28 U.S.C. § 1927 in the '932 Case, and the Court granted the motion in part, noting that the Court of Appeals has held that the filing of a precluded claim is vexatious as a matter of law under § 1927 and that it is an abuse of discretion for a district court to refuse to award fees under such circumstances. *See Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995).

Plaintiff has asked the Court for an indicative ruling under Rule 62.1. Specifically, Plaintiff asks the Court whether it would reconsider its dismissal in this case based on the new allegations made in the '932 Case. If the Court were to answer "yes," Plaintiff could ask the Court of Appeals to remand under Appellate Rule 12.1.

## II.   DISCUSSION

Plaintiff asks that the Court consider the complaint in the '932 Case (the "'932 Complaint") as a proposed amended complaint in the present case and asks the Court to indicate whether it would reconsider the dismissal order in the present case based on the new jurisdictional facts alleged in the '932 Complaint.

The Court dismissed the Complaint in this case. It therefore could not simply give leave to amend the Complaint under Rule 15 even if it had not yet lost jurisdiction to the Court of Appeals. Consideration of the '932 Complaint as a proposed amended complaint in the present case is therefore inappropriate. As the Court previously noted, it could at this point only set aside its dismissal order under Rule 60(b). The Court suggested that Rule 60(b)(2) would be the appropriate subsection of the rule. However, even assuming Plaintiff means to invoke Rule 60(b)(2)—and the present motion is devoid of any reference to Rule 60(b)—the Court may not under that rule consider any and all new allegations, but only "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Although Plaintiff made allegations in the '932 Complaint that do not appear in the Complaint in this case, it has adduced no evidence indicating—indeed, it has not even argued—that those allegations concern facts that were not and could not with reasonable diligence have been discovered in time to move for reconsideration within 28 days of the dismissal order.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Indicative Ruling (ECF No. 49) is DENIED.

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge